People v Personna (2021 NY Slip Op 07560)





People v Personna


2021 NY Slip Op 07560


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2018-13218
 (Ind. No. 1793/16)

[*1]The People of the State of New York, respondent,
v
Dorice Personna, appellant.


Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel; Alastair Allen on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered September 19, 2018, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection dated September 19, 2018, issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection dated September 19, 2018, as directed that it remain in effect until September 19, 2027, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for the issuance of a new order of protection which expires on September 18, 2024; and it is further,
ORDERED that the judgment is affirmed.
The defendant contends that the duration of the order of protection issued at the time of sentencing exceeds the statutory maximum. This claim is unpreserved for appellate review, because the defendant did not challenge the duration of the order of protection at the sentencing proceedings despite being presented with and subsequently signing the order of protection at that proceeding. However, we reach the issue in the exercise of our interest of justice jurisdiction (see People v Baker, 179 AD3d 827, 828; People v Chambers, 177 AD3d 645, 646; People v Ramos, 164 AD3d 922, 923).
CPL 530.13(4)(B) states that the maximum duration for an order of protection in a case of a conviction for a class A misdemeanor, such as the instant case, is the greater of five years from the date of sentencing or five years from the date of the expiration of the maximum term of a definite or intermittent term of imprisonment actually imposed, whichever is greater. Thus, the maximum duration of the order or protection in this case, where the defendant was sentenced to a term of 364 days in jail, should have been 5 years and 364 days from the date of sentencing. Therefore, the date of expiration should be September 18, 2024.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court